IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOELLE ELIZABETH GREATHOUSE,

      Plaintiff,

v.                                          Civil Action No.: 2:16–CV–62
                                                 (JUDGE BAILEY)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO PROCEED AS A PAUPER BE DENIED

On July 21, 2016, Plaintiff filed a complaint against the Commissioner of Social Security under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), and an Application for Leave to Proceed *in forma pauperis*. ECF Nos. 1 & 2. Plaintiff's application reveals that her spouse's monthly income is approximately $2,300. Plaintiff and her spouse also own a home and two vehicles. Plaintiff estimates her family's total monthly expenses to be $1,098.65. Plaintiff listed no dependents, and she reported $384.00 in her spouse's checking account.

A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Nor should a plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a plaintiff can pay for the costs and "and still be able to provide himself and dependants with the necessities of life." *Id*. Further, in assessing an application to proceed as a pauper, "a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next

1

friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978); *see also Assaad-Faltas v. Univ. of S. Car.*, 971 F. Supp. 985, 990 n.9 (D.S.C. 1997) (finding it proper to consider whether the party claiming indigent status receives financial support from her family).

Here, it appears as though Plaintiff and her spouse are able to meet their monthly expenditures and still have nearly $1,000.00 per month in discretionary income. Accordingly, because requiring Plaintiff to pay the filing fee would not require her to choose between this civil action and the necessities of life, the Court **RECOMMENDS** that Plaintiff's Motion to Proceed as a Pauper be **DENIED**, and that she be required to pay the $400 filing fee.

The Clerk is directed to transmit a copy of this order to counsel for Plaintiff. Any party may, within fourteen [14] days of receipt of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

DATED: July 28, 2016                               /s/ *James E. Seibert*
                                                   JAMES E. SEIBERT
                                                   U.S. MAGISTRATE JUDGE