IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOELLE GREATHOUSE,

        Plaintiff,

v.                                           Civil Action No. 2:16-CV-62

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## **REPORT AND RECOMMENDATION**

**I.    SUMMARY**

The Plaintiff advances two arguments, neither of which the Court finds persuasive. Therefore, the Court recommends that the Plaintiff's [ECF No. 12] Motion for Summary Judgment be denied, and the Commissioner's [ECF No. 14] Motion for Summary Judgment be granted.

First, the Plaintiff argues that the Administrative Law Judge ("ALJ") erred in not citing evidence which supports the Plaintiff's position of disability. However, the ALJ's opinion contains a thorough discussion of all relevant medical evidence.

Second, the Plaintiff argues that the ALJ improperly discounted the medical findings of physical therapist Kevin Boring. The Court finds that since Mr. Boring is not an acceptable medical source as defined by the regulations, it is within the purview of the ALJ to discount his findings.

**II.    PROCEDURAL HISTORY**

On May 13, 2013, the Plaintiff, Joelle E. Greathouse, filed an application for disability insurance benefits (DIB). ECF 9-2 at 25. The Plaintiff's application alleged a disability

1

beginning August 20, 2012. ECF 9-2 at 25. The Plaintiff's application was denied on October 22, 2013. ECF 9-2 at 25. Thereafter, the Plaintiff filed a request for a hearing on April 21, 2014. ECF 9-2 at 25. The Plaintiff, represented by counsel, appeared and testified at a video hearing held on November 5, 2015, as did a vocational expert. ECF 9-2 at 25. On February 1, 2016, the ALJ issued an unfavorable decision. ECF 9-2 at 38. The Appeals Council denied Plaintiff's request for review of the ALJ's findings on May 23, 2016. ECF 9-2 at 2.

On July 21, 2016, the Plaintiff filed a complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying her application. ECF No. 1.

## III. THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which

is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since March 29, 2013. ECF 9-2 at 27. At step two, the ALJ found that the Plaintiff had the following severe impairments: myasthenia gravis, obesity (BMI of 33.8), left foot calcaneal spurs, occipital headaches, moderate major depressive disorder, and an adjustment disorder with mixed anxiety. ECF 9-2 at 27. At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments. ECF 9-2 at 28. The ALJ then determined that the Plaintiff had the following RFC:

> ]T]o perform light work as defined by the social security regulations, requiring lifting and carrying 20 pounds, occasionally and 10 pounds, frequently, standing or walking 6 hours in an 8 hour workday, sitting about 6 hours in an 8 hour workday, unlimited pushing and pulling, occasionally climbing up ramps or stairs, no climbing of ladders, ropes scaffolds, occasionally balancing, occasionally stooping, occasionally kneeling, crouching or crawling, avoiding a concentrated exposure to the extremes of heat or cold, or vibration, or hazards (machinery or heights) and performing simple unskilled work.

ECF 9-2 at 29-30. At step four, the ALJ determined that the Plaintiff was capable of performing past relevant work as a housekeeper and janitor. ECF 9-2 at 36. At step five, the ALJ reiterated

her step four finding, adding that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant can perform her past relevant work as a housekeeper and a janitor, and that in the alternative, that she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Thus, the ALJ found that the Plaintiff was not disabled.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

**V. DISCUSSION**

The Plaintiff advances two arguments. First, that the ALJ, in performing her analysis, failed to give proper consideration to medical evidence which would support the Plaintiff's position that she had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Second, that the ALJ improperly discounted the medical opinions of Kevin Boring, MPT.

### A. The ALJ Adequately Analyzed the Medical Evidence and Applied the Evidence to the Listed Impairments

The Plaintiff argues that the ALJ failed to adequately consider all medical evidence, and instead discussed only evidence to support her conclusion. The Court disagrees.

In the third step of the sequential evaluation process, the ALJ is required to determine whether the claimant's impairments or combination of impairments meets or equals any of the listed impairments. 20 C.F.R. §§ 404.1520(d). The ALJ must provide enough insight into her reasoning to allow the Court to engage in a meaningful review. *Fox v. Colvin*, 632 Fed. Appx. 750, 751 (4th Cir. 2015). Thus, the Court will affirm the ALJ's decision when the ALJ "has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio*, 780 F.3d at 634. Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays*, 907 F.2d at 1456.

In the instant case, the ALJ specifically addressed three separate listings that the Plaintiff argued she met, and gave clear and concise reasoning, from the listings themselves, as to why the Plaintiff did not meet them. For example, in addressing listing 11.12, the ALJ stated that "the record does not indicate muscle weakness of extremities on repetitive activity against resistance while on prescribed therapy as the listing requires." ECF 9-2 at 28. In other words, muscle resistance weakness of extremities on repetitive activity against resistance while on prescribed therapy is a direct requirement of listing 11.12. If there is no evidence of it in the medical records, there is nothing more to address. The ALJ points out, and is supported by evidence found in the medical records, that the Plaintiff seemed to be aided by treatment and medication. ECF 9-7 at 14, 72; ECF 9-9 at 17, 20. The ALJ went on to explain her finding by saying that the Plaintiff's "alleged fatigue is simply not consistent with the observable clinical signs found in the medical evidence." ECF 9-2 at 34.

Moreover, in the Plaintiff's Brief in Support of her Motion for Summary Judgment to the Court, she listed evidence which she claims contradicts the ALJ's decision. ECF 6 at 6-7. The Court's determination is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 2001)). That being said, none of the evidence listed by the Plaintiff seems to meet the requirement of the listing. Even assuming *arguendo* that there was strong medical evidence to support the Plaintiff's position of disability, there is also substantial evidence, discussed by the ALJ, to the contrary. ECF 9-2 at 30-36.

Lastly, the Plaintiff alleges that the ALJ's decision is based on "selective citations" and concludes that the claim must be remanded "as the ALJ committed an error of law in only citing evidence that supported the ALJ's position." ECF 6 at 5. This is inaccurate. The ALJ speaks to testimony given by the Plaintiff at several points in her analysis and addresses each claim. For example, the ALJ wrote:

> In her Function Report, dated July 2, 2013, she alleged migraine headaches with head and neck pain, she has problems seeing out of her right eye, muscle spasms, and a low immune system, which she contended limited her ability to be around people (Exhibit 3E). In a second Function Report dated March 2, 2014, the claimant alleged migraine headaches with blurred and double vision. However, she also indicated that she couple make simple meals do the laundry and dishes, was able to go grocery-shopping, visited with her grandchildren and spent time with others (Exhibits 3E and 7E)..

ECF 9-2 at 30. Furthermore, the Plaintiff cites no case suggesting that the ALJ is required to cite evidence on both sides of their decision; and, as stated above, the evidence available that the ALJ could have cited to play devil's advocate against herself is sparse.

For the above listed reasons, the Court finds that the ALJ's analysis was adequate and supported by substantial evidence.

### B.      The ALJ Did Not Improperly Discount the Medical Testing of Kevin Boring

The Plaintiff argues that the ALJ did not accord the proper weight to the medical testing of Kevin Boring. The Court disagrees.

Generally, in determining disability status, the ALJ must consider all medical opinions in the case record. 20 C.F.R. § 404.1527(b). The opinion of a treating physician is normally entitled to great weight. 20 C.F.R. § 404.1527(d)(2). 404.1527(d)(2). However, Mr. Boring, who is a physical therapist, is not an "acceptable medical source" within the meaning of the regulations. 20 C.F.R. §§ 404.1513(a), 416.913(a). In other words, in this context, the term "acceptable medical source" is to be taken as the legal definition and not the common meaning of the phrase. According to 20 C.F.R. § 416.913(a), physical therapists are not among the sources "who can provide evidence to establish an impairment." *Id*. Evidence from an acceptable medical source is needed to establish an impairment. 20 C.F.R. § 416.908. This means that the medical testing done by Mr. Boring could be used only as supporting evidence for the ALJ to find an impairment exists for the Plaintiff, and could not be the primary evidence relied upon. Therefore, when the ALJ states that "Mr. Boring is a physical therapist and thus, is not an acceptable medical source," she is making a statement of law, not substituting her own medical beliefs as the Plaintiff alleges.

Title 20 C.F.R. § 404.1513(d) does provide that "in addition to evidence from the acceptable medical sources listed in paragraph (a) of this section we *may* also use evidence from other sources." *Id*. (emphasis added). This is an option, not a mandate. It is within the purview of the ALJ to give more weight to other sources, such as the state agency medical experts who concluded that Plaintiff is not disabled.

For the above listed reasons, the Court finds that the ALJ did not improperly discount the findings of Mr. Boring.

A.     **RECOMMENDATION**

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations. Accordingly, the Court **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 12] Motion for Summary Judgment be **DENIED**; and

2. Commissioner's [ECF No. 14] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 28, 2017                    */s/ James E. Seibert*
                                          JAMES E. SEIBERT
                                          U.S. MAGISTRATE JUDGE