IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**JOELLE GREATHOUSE,**

    Plaintiff,

v.                                                     **CIVIL ACTION NO. 2:16-CV-62**
                                                              **(BAILEY)**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 17]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on August 28, 2017, wherein he recommends that the plaintiff's Motion for Summary Judgment [Doc. 12] be denied, that the defendant's Motion for Summary Judgment [Doc. 14] be granted, that the decision of the Commissioner be affirmed, and that this case be dismissed with prejudice. (Id.). On September 1, 2017, the plaintiff timely filed objections to the R&R [Doc. 18]. For the reasons set forth below, this Court adopts Magistrate Judge Seibert's R&R.

**I.**     **BACKGROUND**

On May 13, 2013, the plaintiff filed a Title II application for a Period of Disability and Disability Insurance Benefits ("DIB"), and a Title XVI application for supplemental security income ("SSI") [Doc. 9-2 at 25]. In both applications, the claimant alleged disability

1

beginning August 20, 2012. (Id.). The claims were initially denied on October 22, 2013 (Id.). The plaintiff then filed a written request for hearing, and later appeared and testified at a video hearing on November 5, 2015, before Administrative Law Judge ("ALJ") Emily Ruth Statum. (Id. at 38). On February 1, 2016, the ALJ entered a decision finding that the plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Id.).

After careful consideration of the entire record, and in accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since March 29, 2013, when she stopped working. (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: myasthenia gravis, obesity (BMI of 33.8), left foot calcaneal spurs, occipital headaches, moderate major depressive disorder, and an adjustment disorder with mixed anxiety. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the claimant has the residual functional capacity to perform light work as defined by the social security regulations, requiring lifting and carrying 20 pounds, occasionally and 10 pounds, frequently, standing or walking 6 hours in an 8 hour workday, sitting about 6 hours in an 8 hour workday, unlimited pushing and pulling, occasionally climbing ramps or stairs, no climbing of ladders, ropes, scaffolds, occasionally balancing, occasionally stooping, occasionally kneeling, crouching or crawling, avoiding a concentrated exposure to the extremes of heat or cold, or vibration, or hazards (machinery or heights) and performing simple unskilled work.
>
> 6. The claimant is capable of performing past relevant work as a housekeeper and a janitor. These occupations do not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. §§ 404.1565 and 416.965).

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from August 20, 2012, through the date of this decision. (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Id.).

On May 23, 2016, the Appeals Council denied the plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security [Doc. 9-2 at 2]. On July 21, 2016, the plaintiff filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security for denying the plaintiff's application [Doc. 1]. The R&R recommends affirming the decision of the ALJ because that decision complied with the applicable law and regulations and was supported by substantial evidence [Doc. 17 at 9].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

An ALJ's findings will be upheld if supported by substantial evidence. See **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion." **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting **Richardson v. Perales**, 402 U.S.

389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

### III. DISCUSSION

In response to the magistrate judge's R&R, the plaintiff asserts two main objections. First, the plaintiff claims that the Magistrate Judge[1] did not ensure that the ALJ explained why she ignored evidence contradicting her position [Doc. 18 at 1]. Second, plaintiff claims the magistrate judge did not address whether the ALJ relied on substantial evidence to support her rejection of the evaluation and opinion of Kevin Boring, PT. (Id.).

#### A. Contradictory Evidence

The plaintiff first claims that the ALJ did not explain why she ignored evidence of muscle weakness on repetitive activity. (Id.). Accordingly, plaintiff argues the magistrate judge's findings are in error as he recognized such contradictions, but did not hold the ALJ

---

[1] This Court notes that plaintiff's counsel uses the title "Magistrate" throughout plaintiff's objections. This Court feels compelled to distinguish a "magistrate" from a "United States Magistrate Judge." A United States Magistrate Judge, such as Magistrate Judge Seibert, is required to have a law degree, is appointed by Federal judges, and is governed by the United States Code. See 28 U.S.C. § 631 *et al.* A West Virginia County "magistrate," on the other hand, is an elected official who works under the supervision of the Supreme Court of Appeals of West Virginia, and is not required to be a lawyer.

4

to her duty to explain why contradictory evidence was ignored. (Id.).

Plaintiff asserts that the magistrate judge overstepped his bounds by acknowledging evidence that contradicts the ALJ and then determining that the contradictory evidence did not satisfy the Listing, and thus, the ALJ's position is correct. Specifically, plaintiff points to the R&R's finding concerning evidence for Listing 11.12, wherein the magistrate judge stated, "[i]f there is no evidence of it in the medical records, there is nothing more to address." [Doc. 17 at 6].

As noted by the magistrate judge, however, the ALJ specifically addressed three separate listings that the plaintiff argued she met, and gave reasoning from the listings as to why the plaintiff did not meet them. For instance, with regard to Listing 11.12, the ALJ stated that "the record does not indicate muscle weakness of extremities on repetitive activity against resistance while on prescribed therapy as the listing requires." [Doc. 9-2 at 28]. The magistrate judge was simply reiterating that the evidence in the medical records showed that the plaintiff appeared to be aided by treatment and medication [Doc. 9-7 at 14, 72; Doc. 9-9 at 17, 20]. Thus, the ALJ explained her finding by stating that the plaintiff's "alleged fatigue is simply not consistent with the observable clinical signs found in the medical evidence." [Doc. 9-2 at 34].

The plaintiff next asserts the ALJ and magistrate judge do not indicate how Greathouse's Adult Function Reports are inconsistent with muscle weakness on repetitive activity, particularly when the function reports consistently indicate that she gets muscle weakness, fatigue, and spasms while performing various daily activities. Thus plaintiff argues the Listing does not require the plaintiff to show muscle weakness on repetitive activity, and the burden of proof has been increased.

Plaintiff takes exception to the magistrate judge's finding that the ALJ made no error based on medical records that indicated that Greathouse ". . . seemed to be aided by treatment and medication" and that "alleged fatigue is simply not consistent with the observable clinical signs found in the medical evidence." (Id.). She argues that her contention is not that the ALJ rested on such position; rather she contends that the ALJ was required to explain why relevant evidence supporting her disability was ignored, particularly when the ALJ cited to various portions of the record showing muscle weakness despite treatment and medication. In support, plaintiff avers the magistrate judge acknowledges the same where he states, "none of the evidence listed by the plaintiff seems to meet the requirement of the listing." (Id. at 7). In conclusion, the plaintiff contests that the magistrate judge has re-weighed the evidence. *See* **Johnson v. Barnhart**, 434 F.3d 650, 653 (4th Cir. 2005). Plaintiff thus argues that the magistrate judge's position frees the ALJ from explaining why contradictory evidence was ignored because he made a factual determination that the contradictory evidence cited by plaintiff does not meet the Listing, and thus, the ALJ's position is correct, thereby the magistrate judge overstepped his bounds.

In response, the defendant first notes that the plaintiff simply rehashes the arguments made in her initial brief [Doc. 19 at 1]. Defendant asserts that the R&R's findings are not errors of law, and plaintiff is asking this Court to re-weigh the evidence, which is prohibited by 42 U.S.C. § 405(g) (precluding "a *de novo* judicial proceeding and requir[ing] the court uphold the decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). **Blalock v. Richardson**, 483 F.2d

773, 775 (4th Cir. 1972).

As noted by the magistrate judge, the ALJ did mention testimony given by the plaintiff herself, which did not necessarily support the ALJ's decision. For example, the ALJ stated:

> In her Function Report, dated July 2, 2013, she alleged migraine headaches with head and neck pain, she has problems seeing out of her right eye, muscle spasms, and a low immune system, which she contended limited her ability to be around people (Ex. 3E). In a second Function Report dated March 2, 2014, the claimant alleged migraine headaches with blurred and double vision. However, she also indicated that she couple (sic) make simple meals do the laundry and dishes, was able to go grocery-shopping, visited with her grandchildren and spent time with others (Ex. 3E and 7E).

[Doc. 9-2 at 30].

In determining whether a claimant is disabled, the ALJ always considers the medical opinions in the case record together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). Generally, more weight is given to a medical source who has treated the claimant than to one who has not. 20 C.F.R. § 416.927(c). Other factors considered when evaluating how much weight to give a medical source include: length and frequency of treatment relationship, nature and extent of treatment relationship, the supportability of the findings, the consistency when compared against the record as a whole, whether the physician is a specialist, and any other factors brought to the ALJ's attention which tend to support or contradict the findings. Id.

Here, there was substantial opinion evidence that supported the ALJ's determination

of the plaintiff's RFC. 20 C.F.R. § 416.927(d) provides that opinions on some issues are not medical opinions; rather they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case." Id. This includes determinations about whether a claimant is disabled or unable to work. Id. The regulation goes on to state that although "we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." Id. In conclusion, 20 C.F.R. § 416.927(d)(3) states that special significance will not be given "to the source of an opinion on issues reserved to the Commissioner." Id.

20 C.F.R. § 416.927 indicates that taking into consideration all of the evidence available to her and using that evidence to formulate an opinion about the plaintiff's RFC is precisely what the ALJ is tasked with doing. Additionally, 20 C.F.R. § 404.1527(c)(3) states that the more medical evidence there is to support a medical opinion, the more weight it will be given. Indeed, as stated above, the supportability of the findings is an expressly named consideration when evaluating opinion evidence. 20 C.F.R. § 416.927(c).

"An ALJ need not credit one of the medical opinions in order to support a decision; rather what the ALJ must consider is the evidence of record, which may contain medical opinions." ***Lafferty v. Colvin***, 2017 WL 836917 (N.D. W.Va. 2017). Therefore, the amount of weight given to each source by the ALJ was permissible and supported by law.

According to 20 C.F.R. § 404.1529(c)(3), it is appropriate for an ALJ to consider things such as plaintiff's current or past treatment; and any medication including the

8

dosage, effectiveness, and side effects of that medication. Furthermore, treatment that the ALJ deems conservative is an adequate basis for contradicting medical opinion evidence suggesting otherwise. ***Dunn v. Colvin***, 607 F.App'x. 264, 273 (4th Cir. 2015). Finally, the ALJ is entitled to a "zone of choice within which the decision makers can go either way, without interference from the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision. *Id*." (quoting ***Clarke v. Bowen***, 843 F.2d 271, 272-73 (8th Cir. 1988)).

The standard that a reviewing court will look for simply requires an indication that the ALJ considered the entire record and, unless the reviewing court can find evidence to the contrary, this indication will be affirmed. In other words, if the ALJ states that she considered the entire record in reaching her decision, and the reviewing court cannot find anything to suggest that the ALJ did not consider the entire record in reaching his decision, the fact that the ALJ considered the entire record–i.e. all of the evidence, both agreeable and conflicting–will be taken as true. Whether evidence to the contrary exists is a matter for the reviewing court, not for the ALJ to simply declare unchecked, as the plaintiff interprets the standard. Indeed, the plaintiff's fears may be eased as this Court has conducted *de novo* review of this objectionable portion of the magistrate judge's R&R.

The standard applied by the magistrate judge in his R&R is the correct standard. "Judicial review of a final decision regarding disability benefits under the Social Security Act . . . is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." ***Hays***, 907 F.2d at 1456. The standard requires a determination of whether the decision reached by the ALJ is

9

supported by substantial evidence found in the record. Implicit in this standard is that evidence conflicting with the ALJ's decision must not outweigh evidence supportive of the ALJ's decision. Should this Court determine that an excessive amount of conflicting evidence exists in the record that the ALJ did not sufficiently address in her opinion, "evidence to the contrary" exists, and this Court cannot accept the ALJ's contention that she considered the entire record. As such, the ALJ's findings will be upheld if supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. See **Milburn**, 138 F.3d at 528; **Hays**, 907 F.2d at 1456. This Court's function is to examine the ALJ's decision and determine whether substantial evidence exists in the record to support the same. For the reasons stated above, this Court finds that substantial evidence does exist to support the ALJ's findings.

### B. PT Boring

The plaintiff avers that the ALJ did not accord the proper weight to the medical testing of Kevin Boring. As the magistrate judge pointed out, Boring, a physical therapist, is not an "acceptable medical source" within the meaning of the regulations. While the medical testing done by Boring could be used as supporting evidence of the ALJ to find an impairment, it cannot serve as the primary evidence. Accordingly, as the magistrate judge noted in his R&R, "when the ALJ states that 'Mr. Boring is a physical therapist and thus, is not an acceptable medical source,' she is making a statement of law, not substituting her own medical beliefs as the plaintiff alleges." [Doc. 17 at 8]. Nonetheless, this Court has conducted *de novo* review of the evidence of record and finds that the ALJ, in making her findings, did consider all relevant evidence, and that the magistrate judge properly found the same.

Plaintiff asserts the magistrate judge did not address all of the plaintiff's contentions concerning the ALJ's alleged error in analyzing PT Boring's testing and opinion. In support, Greathouse reiterates the reasons she believes the ALJ mishandled the Boring Opinion. For example, she asserts the ALJ "improperly applied the 'other source' rule"; "the ALJ ignored portions of the record that substantiate Ms. Greathouse's complaints"; "the Boring Testing was not based on 'highly subjective' findings despite the ALJ's finding to the contrary"; and "the ALJ relied on her own conjecture to determine that Ms. Greathouse's effort on the Boring testing (sic)." [Doc. 18 at 4]. Plaintiff asserts the magistrate judge only addressed the "other source" rule.

Plaintiff argues the ALJ may not discount an opinion simply because the opinion came from an "other source." While plaintiff agrees that a PT is not a medical source, she argues that the fact that Boring is not in the pod of "acceptable medical sources" does not mean his opinion is worthless or not deserving of consideration, especially when he tested for muscle weakness on repetitive activity and the Commissioner's DDS experts did not provide a Listing analysis of myasthenia gravis. Thus, she argues she has provided substantial evidence to contradict the DDS evaluators.

As correctly stated by the magistrate judge, an ALJ is required to consider all of the relevant medical evidence submitted by a claimant. 20 C.F.R. § 416.920. However, an ALJ is "not obligated to comment on every piece of evidence presented." ***Pumphrey v. Comm'r of Soc. Sec.***, 2015 WL 3868354, at *3 (N.D. W.Va. 2015); ***Reid v. Comm'r of Soc. Sec.***, 769 F.3d 861, 865 (4th Cir. 2014). Instead, an ALJ's decision need only "contain a statement of the case, in understandable language, setting forth a discussion of

the evidence, and stating [his or her] determination and the reason or reasons upon which it is based." *Id*. In other words, an ALJ need only "provide a minimal level of analysis that enables [a] reviewing court[] to track the ALJ's reasoning." ***McIntire v. Colvin***, 2015 WL 401007 (N.D. W.Va. 2015). Therefore, if an ALJ states that the "whole record was considered, . . . absent evidence to the contrary, we take her at her word." ***Reid***, 769 F.3d at 865.

The ALJ begins her discussion of his findings of fact and conclusions of law by asserting that she gave the entire record "careful consideration." [Doc. 9-2]. She again iterates, and the discussion of her findings make clear, that she considered the entirety of the evidence in making her evaluations. For example, the ALJ specifically addresses listing 11.12– myasthenia gravis– and explains that there is no indication in the record that it has resulted in significant difficulty with speaking, swallowing, or breathing or significant motor weakness of muscles of extremities on repetitive activity against resistance while on prescribed therapy. And while plaintiff argues that the ALJ ignored the Boring opinion, the ALJ states that "[t]he claimant's representative argued that the claimant meets listing 11.12 due to the record demonstrating fatigue and weakness in the extremities. However, the record does not indicate muscle weakness of extremities on repetitive activity against resistance while on prescribed therapy as the listing requires. Therefore, I find that the claimant's impairments do not rise to listing level." [Doc. 9-2 at 28].

Further, the ALJ explained the reasons that she gave Boring's statement "little weight." Specifically, she noted that his opinion is based on the claimant's own "subjective complaints which are not supported by the medical evidence. He based his opinion on a

12

test (the Borg Scale of Perceived Exertion) which is highly subjective and based on the individual's perceived perception on how hard the person feels his/her body is working. Moreover, claimant's subjective 'performance' during 'testing' (one month prior to the hearing), may have been influenced by her application for disability benefits as it is not consistent with the unremarkable observable findings reported by the acceptable medical sources of record during treatment." [Doc. 9-2 at 36].

As noted by the standard, the ALJ need not comment on every piece of evidence presented. Upon review of the record, this Court finds that the magistrate judge properly found that the ALJ considered all of the relevant evidence when she determined that the plaintiff has severe impairments.

As explained herein, this Court is concerned with whether the ALJ's finding that the plaintiff was not disabled as defined by the Social Security Act is supported by substantial evidence and was reached based upon a correct application of the relevant law. ***Meyer v. Astrue***, 662 F.3d 700, 704 (4th Cir. 2011) (citing ***Craig v. Chater***, 76 F.3d 585, 589 (4th Cir. 1996)). The "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." ***Sec'y of Labor v. Mutual Mining, Inc.***, 80 F.3d 110, 113 (4th Cir. 1996) (quoting ***Consolo v. Fed. Mar. Comm'n***, 383 U.S. 607, 620 (1996)). As such, the fact that evidence exists that contradicts the ALJ's ultimate finding is not fatal if "evidence that a reasonable mind might accept as adequate to support a conclusion" exists to support the ultimate finding. *See* ***Hays v. Sullivan***, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting ***Richardson v. Perales***, 402 U.S. 389, 401 (1971)).

The plaintiff's objection reflects a misunderstanding of the ALJ's opinion. The record shows that the plaintiff does, in fact, have impairments, and the ALJ acknowledged that the plaintiff is impaired. However, pursuant to her RFC evaluation, the ALJ found that the plaintiff's impairments were not as severe as she alleged and did not cause her to be disabled as defined by the statute.

In reviewing the ALJ's decision and the entirety of the administrative record, it is apparent to the Court that the ALJ was successful in ensuring that her opinion was thorough and well-founded in the plaintiff's medical history. The ALJ provided continual support for her findings with citations to the evidence of record. Review of the record indicates that the ALJ's decision is, in fact, supported by substantial evidence that a reasonable mind would accept as adequate to support her ultimate conclusion. The ALJ was not required to mention each specific piece of evidence contained in the record, and there is nothing to suggest that the ALJ did not actually consider the entirety of the record. For all of the foregoing reasons, this Court finds that the ALJ's decision is supported by substantial evidence, and the plaintiff's objection is **OVERRULED**.

## IV. CONCLUSION

Upon careful consideration of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 17]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 18]** are **OVERRULED**. Thus, the defendant's Motion for Summary Judgment **[Doc. 14]** is **GRANTED**, and the plaintiff's Motion for Summary Judgment **[Doc. 12]** is **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. The Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 10, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE